UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

vs.        Case No. 6:09-cr-1-PCF-GRJ-1 and 5:08-cr-23-WTH-GRJ-1

ERIN SHARMA
_____/

**DEFENDANT SHARMA'S SENTENCING MEMORANDUM**

Comes Now ERIN SHARMA ("Sharma" or "Mrs. Sharma") by and through her undersigned counsel and files this memorandum to aid the Court in sentencing, in particular to assist the Court in addressing Sharma's unresolved objections to the probation officer's application of the sentencing guidelines in the presentence investigation report ("PSR").

**APPLICABLE GUIDELINE MANUAL, ¶ 4**

The PSR applied the guidelines in effect at the time of sentencing (i.e., the 2008 Guideline Manual). The guidelines in effect at the time of the alleged offense govern and should be applied instead, i.e., the 2004 Guideline Manual. *See United States v. Fowler*, slip copy, August 19, 2009 (11th Cir.) (2009 WL 2515735) (noting circuit split on *ex post facto* guideline concerns post *Booker*, and that the Eleventh Circuit has not resolved the issue). *See United States v. Conatser*, 514 F.3d 508 (6th Cir. 2008) (applying 2002 edition of guideline manual to avoid *ex post facto* concerns

in a similar prosecution, where the applicable offense level turned on the application of the correct murder/manslaughter guidelines).

**OFFENSE CONDUCT, ¶¶ 5-16**

Generally with respect to the statement of the offense conduct, Mrs. Sharma pled not guilty and went to trial asserting her innocence. She maintains that position. Accordingly we dispute the inculpatory statement of facts but do not think it necessary and do not ask this Court to go through the description of offense conduct in the PSR line by line or otherwise to determine which statements are accepted and which disputed. That is not necessary for a correct application of the sentencing guidelines.

It is important to note, however, that even the PSR's inculpatory statement of facts itself does not show that Mrs. Sharma had any intention that Mr. Richard A. Delano ("Delano") be *killed*. For example, at ¶ 13, the PSR quotes an alleged exchange between Mrs. Sharma and Mr. John Javilo McCullah ("McCullah"), in which "*McCullah proposed to Sharma that he kill or maim Delano. By her own admission, Sharma told McCullah 'No, **don't do that** - just break his leg.*"

The Government's indictment very specifically alleged that Sharma "took steps to move Delano to the cell of McCullah in the SHU of USP-1, FCC-Coleman, *in order to facilitate an <u>assault</u> upon Delano by McCullah*." Indictment, Count I, ¶ B.

The indictment continues, "It was part of the plan and purpose of this conspiracy for defendant ERIN SHARMA *to encourage McCullah to assault Delano* at a time when defendant ERIN SHARMA was not present . . . " Indictment, Count I, ¶ B. 9.  This same verbiage is repeated in Count I, ¶ C. 10(d): "ERIN SHARMA encouraged McCullah to *assault Delano* when Sharma was not present. . ."

Thus the facts as set forth in the PSR, together with the charge as alleged in the indictment is determinative for the correct application of the guidelines, which is to score Sharma for manslaughter, not second degree murder. [*See* our objection to the guideline application, *infra*.]

**GUIDELINE OFFENSE LEVEL COMPUTATION, ¶¶ 21-29**

**Applicable Guideline - Manslaughter - Not Second Degree Murder**

The applicable guideline is U.S.S.G. § 2H1.1. Subsection 2H1.1(a)(1) requires application of the guideline for any underlying offense, if that guideline is higher than that otherwise applicable under § 2H1.1(a)(2), (3) or (4) (12, 10, and 6 respectively).

The question is, what is the underlying offense?  It is *not* second degree murder.  Second degree murder by definition requires an intent to kill.  *See Eleventh Circuit Pattern Jury Instructions (Criminal Cases),* Pattern Instruction 45.3.

Instead, the underlying offense, *as to Mrs. Sharma*, is *involuntary manslaughter*. *See* Pattern Instruction 46.2.  The applicable guideline for involuntary

manslaughter is U.S.S.G. § 2A1.4(a)(1), which provides a base offense level 12.

Therefore, because this level is not higher than that otherwise provided under § 2H1.1(a)(2), the cross referenced guideline for the underlying offense is not applied, instead, § 2H1.1(a)(2) applies, and the base offense level is 12.

**Color of Law**

We agree that Mrs. Sharma acted under color of law, therefore the 6 level enhancement for § 2H1.1(b)(1)(B) applies.

**Vulnerable Victim**

We object to the application of the vulnerable victim enhancement under § 3A1.1. This is because, as the Eleventh Circuit has held, "The adjustment applies only if 'the defendant selects his victim due to the defendant's perception of the victim's vulnerability to the offense.'" *United States v. Hebert*, 151 Fed.Appx. 797, 799, 2005 WL 2298251, 1 (11th Cir. 2005) citing *United States v. Argueda*, 86 F.3d 1054 (11th Cir. 1996). The Government's version of events was that Mrs. Sharma selected Delano as the victim because Delano had previously assaulted her; i.e. because of his dangerousness, not because of his vulnerability.

**Total Offense Level and Guideline Range**

Therefore, the Total Offense Level is 18, Criminal History Category I, for a

range of **27-33 months** imprisonment.[1]

## ANTI-*BOOKER* OBJECTIONS

Mrs. Sharma objects for record preservation purposes to the application of any guideline or enhancement based on any factor that was not first expressly charged by Grand Jury indictment as required by the Fifth Amendment and not proved as required by the Fifth and Sixth Amendments by proof beyond a reasonable doubt to a unanimous jury as reflected in an express special jury verdict. Under this view, which we denominate the Anti-*Booker* view, the applicable guideline would be U.S.S.G. § 2H1.1(a)(4), base level 6.

## DOWNWARD DEPARTURE - VARIANCE

Were the Court to accept the PSR guideline application or any guideline application substantially greater than that we believe applies based on the involuntary manslaughter guideline, then we respectfully request a downward departure-variance pursuant to 18 U.S.C. § 3553 on the basis of (1) Mrs. Sharma's lack of intent to cause the death of Delano, (2) that if the government's case were true, Mrs. Sharma's action was in response to an attack committed against her by the victim, (3) her record of exemplary service as a correctional officer, (4) her family circumstances, i.e., that she

---

[1] FINE RANGE, ¶ 63 - Under offense level 18, the fine range becomes $6,000-$60,000 (but we agree with ¶ 52 that the defendant does not have the ability to pay a fine).

is the custodial mother of a nine-year old daughter, (5) strong family, peer and community support,[2] (6) her lack of prior record and minimal likelihood of any recidivism, and (7) the danger she faces as a former federal correctional officer while incarcerated for this offense.

Respectfully submitted,

THE LAW OFFICE OF
WILLIAM MALLORY KENT

s/William Mallory Kent
WILLIAM MALLORY KENT
Florida Bar No. 0260738
1932 Perry Place
Jacksonville, Florida 32207
(904) 398-8000 Telephone
(904) 348-3124 FAX
(904) 662-4419 Cell Phone
kent@williamkent.com

---

[2] We ask the Court to note the many letters of support submitted on her behalf from family, friends and co-workers. These letters were provided to the Government and Probation Office prior to sentencing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 19, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/William Mallory Kent
William Mallory Kent
